UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

    Plaintiff,

    v.                                   CAUSE NO. 3:21-CV-284-DRL-MGG

WARDEN,

    Defendant.

OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, filed a complaint against three defendants asserting he has been prevented from practicing his religion because he has been denied religious materials and a Kosher or halal diet in violation of his First Amendment rights. ECF 5. He has also filed a motion to amend the defendants in this case (ECF 4) and a motion for a preliminary injunction (ECF 7). A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Winters alleges that he is a devote Moorish American and that prison officials have been aware of his religious affiliation since he first arrived at

Westville Correctional Facility in October 2019. ECF 5 at 2. He claims he has submitted numerous requests for Moorish Science Temple of America (MSTA) religious materials to Chaplains Walton and Ungrot but has never received any materials or a response to his requests. *Id*. Mr. Winters states that when Chaplains Walton and Ungrot have walked the range, he has spoken to them about getting a Quran and MSTA religious materials, but they told him the prison does not have these materials. *Id*. He states that, during a recent conversation with Chaplain Walton, he was told the Quran was only available for those inmates who attended religious services. *Id*. Mr. Winters again asked Chaplain Walton for MSTA materials, but Chaplain Walton told him religious materials cannot be taken out of the chapel because they belong to the state. *Id*. at 2-3.

Next, Mr. Winters assets that David Liebel, the Director of Religious Services for the Indiana Department of Correction (IDOC), has repeatedly denied his requests for a Kosher or halal diet.[1] ECF 5 at 3. He states that Mr. Liebel recently denied his request for a Kosher or halal diet because he accidentally purchased non-Kosher items from the commissary. *Id*. Mr. Winters represents that the commissary lists are not updated and there is no way to know which food items have certified labels for Kosher or halal items until after an item is purchased. *Id*. He asserts Mr. Liebel's actions caused him to eat non-Kosher meals and to trade his meals for Kosher meals with other inmates. *Id*. Mr. Winters states he now eats nutritionally inadequate food that is prohibited by his religion and

---

[1] Mr. Winters requested a Kosher diet because IDOC does not offer halal diets and the Islamic dietary rules are similar to the Jewish rules because they prevent cross-contamination of food. ECF 5 at 3.

2

often experiences headaches, severe stomach pain, occasional vomiting and diarrhea, and anxiety as he is not practicing his religion. *Id*. at 3-4.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). However, prison officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Furthermore, the Equal Protection Clause and the Establishment Clause prohibit a defendant from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto,* 405 U.S. 319, 322-23 (1972); *Nelson v. Miller,* 570 F.3d 868, 880-82 (7th Cir. 2009). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). Giving Mr. Winters the inferences to which he is entitled at this stage, he states a plausible First Amendment claim against Chaplains Walton and Ungrot for denying his requests for a Quran and MSTA materials needed to practice his religion. Furthermore, he has stated a plausible First Amendment claim against Mr. Liebel for denying his requests for Kosher or halal meals.

Mr. Winters has also filed a motion for a preliminary injunction. ECF 7. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must

3

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). With respect to the issue of irreparable harm, Mr. Winters alleges that he has been "denied care for a seriously and sincerely held religious belief[] in the form of religious articles and a Kosher/Halal diet." ECF 7 at 2. Because Mr. Winters has not alleged facts to show that he will be irreparably harmed if an injunction is not issued, his motion will be denied.[2] *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.")

As a final matter, Mr. Winters filed a motion to remove the Warden and add Chaplains Walton and Ungrot, and Religious Director Liebel as defendants in this case. ECF 4. Because the clerk has already appropriately listed the parties in this case, his motion will be denied as moot.

For these reasons, the court:

(1) DENIES AS MOOT Emmanuel A. Winters's Motion to Amend (ECF 4);

(2) DENIES Emmanuel A. Winters's Motion for a Preliminary Injunction (ECF 7);

(3) GRANTS Emmanuel A. Winters leave to proceed against Chaplain Walton and Chaplain Ungrot in their individual capacities for compensatory and punitive damages

---

[2] To the extent Mr. Winters raises new claims in his motion for a preliminary injunction, the court will not consider those claims because they are not included in his complaint.

4

for denying his requests for a Quran and MSTA religious materials, in violation of the First Amendment;

(4) GRANTS Emmanuel A. Winters leave to proceed against Religious Director David Liebel in his individual capacity for compensatory and punitive damages for denying his requests for Kosher or halal meals, in violation of the First Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Chaplain Walton, Chaplain Ungrot, and Religious Director David Liebel at the Indiana Department of Correction with a copy of this order and the complaint (ECF 5) pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if it has such information; and

(8) ORDERS Chaplain Walton, Chaplain Ungrot, and Religious Director David Liebel to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 18, 2021

*s/ Damon R. Leichty*
Judge, United States District Court