UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EMMANUEL A. WINTERS,

    Plaintiff,

v.                               CAUSE NO. 3:21-CV-284-DRL-MGG

WALTON *et al.*,

    Defendants.

OPINION AND ORDER

Emmanuel A. Winters, a prisoner without a lawyer, is proceeding in this case "against Chaplain Walton and Chaplain Ungrot in their individual capacities for compensatory and punitive damages for denying his requests for a Quran and MSTA religious materials, in violation of the First Amendment[,]" and "against Religious Director David Liebel in his individual capacity for compensatory and punitive damages for denying his requests for Kosher or halal meals, in violation of the First Amendment[.]" ECF 8 at 4-5. The defendants moved for summary judgment, arguing Mr. Winters did not exhaust his administrative remedies before filing suit. ECF 21. Mr. Winters filed a response, and the defendants filed a reply. ECF 25, 26. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison

2

staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

    A.    *Religious Materials Claim.*

Mr. Winters is proceeding against Chaplain Walton and Chaplain Ungrot "for denying his requests for a Quran and MSTA religious materials[.]" The defendants argue Mr. Winters did not exhaust this claim because he never submitted any grievance complaining of the denial of his requests for religious materials. ECF 22 at 7-10. Specifically, the defendants provide an affidavit from John Harvil, the Grievance Specialist at Westville Correctional Facility, who attests that Mr. Winters never submitted any grievances regarding his claim he was denied religious materials. ECF 21-1 at 6.

In his response, Mr. Winters argues generally that he "did file a grievance with the Grievance Specialist John Harvil but Mr. Harvil did not process the plaintiff's grievance." ECF 25 at 1. Specifically, Mr. Winters asserts that Mr. Harvil has a history of obstructing access to the grievance process by failing to return grievances and returning grievances without a grievance number. *Id.* at 1-2. Mr. Winters also provides an affidavit from another inmate who attests he submitted several grievances which Mr. Harvil improperly rejected. ECF 25-1 at 1-10. Last, Mr. Winters provides copies of two formal grievances he filed against Mr. Harvil for refusing to process his grievances. *Id.* at 11-14.

3

Here, none of the evidence provided by Mr. Winters raises a genuine dispute as to whether he exhausted this claim. Specifically, Mr. Winters asserts only that he filed a grievance that Mr. Harvil did not process, but he does not explain when he filed this grievance or whether the grievance related to the denial of religious materials. Instead, Mr. Winters provides only general allegations that Mr. Harvil has a history of improperly rejecting grievances, which is insufficient to establish a genuine dispute. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted). Thus, the defendants have provided evidence Mr. Winters did not exhaust this claim, and Mr. Winters provides no evidence raising a genuine dispute as to whether his administrative remedies were unavailable. Accordingly, the defendants have met their burden to show Mr. Winters did not exhaust this claim.

B. *Religious Diet Claim.*

Mr. Winters is proceeding against Religious Director Liebel "for denying his requests for Kosher or halal meals[.]" The defendants argue Mr. Winters did not exhaust this claim because he submitted a grievance regarding the denial of his request for a religious diet but did not appeal the grievance office's denial of that grievance. ECF 22 at 7-10. Specifically, the defendants provide evidence showing the following: In October

4

2019, Mr. Winters submitted Grievance 109564, arguing he was denied his religious diet. ECF 21-1 at 6; ECF 21-4 at 1. The grievance office denied Grievance 109564, responding that Mr. Winters' request for a religious diet was denied because he did not provide information showing how his religious practice required a specific diet. ECF 21-4 at 1. Mr. Winters did not appeal the grievance office's denial of Grievance 109564. ECF 21-1 at 6-7; ECF 21-3 at 4.

In his response, Mr. Winters does not dispute that the grievance office denied Grievance 109564 and he provides no evidence he appealed that denial or was prevented from doing so. Thus, the undisputed facts show Mr. Winters did not exhaust Grievance 109564. Because Winters provides no evidence he submitted any other relevant grievance, the defendants have met their burden to show Mr. Winters did not exhaust this claim.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 21); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Emmanuel A. Winters and to close this case.

SO ORDERED.

June 15, 2022     *s/ Damon R. Leichty*
                  Judge, United States District Court

5